**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Edward I. Soltesz,** | ) | **CASE NO. 1:04 CV 1201** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Amtrak, et al.,** | ) | **Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendant National Railroad Passenger Corporation's Motion to Dismiss Plaintiff's Complaint and/or other Sanctions Pursuant to Federal Rule of Civil Procedure 37(d) (Doc. 27) and plaintiff's Motion to Strike Defendant's Answer and/or for other Sanctions (Doc. 29).  For the following reasons, defendant's Motion is granted to the extent that sanctions are hereby issued and plaintiff's Motion is denied.

### Facts

Plaintiff failed to appear at his own deposition of March 28, 2005, despite notice of the same and confirmation through plaintiff's attorney.  The deposition was scheduled to

1

commence at the offices of plaintiff's counsel in Shaker Heights, Ohio, approximately 115 miles from Toledo, Ohio, where defendant's attorneys are located. Plaintiff has not provided defendant with an explanation for his absence at the deposition. Plaintiff also failed to make himself available by telephone for the February 2, 2005 Status Conference despite this Court's order to do so.

Amtrak Conductor, Ken Lewis, a witness scheduled to be telephonically deposed by plaintiff on March 28, 2005 also failed to make himself available.

### **Discussion**

Federal Rule of Civil Procedure 37(d) states in part:

> If a party... fails ... to appear before the officer who is to take the deposition, after being served with a proper notice ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. ...

Federal Rule of Civil Procedure 37(b)(2) permits the following sanctions:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

Additionally, Federal Rule of Civil Procedure 37(d) provides for sanctions relating to expenses and attorney's fees:

> ... In lieu of any order or in addition thereto, the court shall require the party failing to

> act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. ...

Defendant seeks an order dismissing plaintiff's Complaint and/or imposing expenses and attorney's fees in the amount of $700.00 related to defendant's counsel's travel expenses and time in connection with appearing to take plaintiff's deposition. Defendant asserts that attorney Garrick White expended a total of four hours of travel time and ½ hour of waiting for plaintiff to arrive.

The Court declines to take the drastic measure of dismissing plaintiff's case. However, the Court will order plaintiff to pay the reasonable expenses of $700.00 caused by this failure to appear. Defendant is hereby ordered to substantiate, by affidavit, these expenses incurred. The affidavit must be filed within 10 days of this Order. Plaintiff must pay the expenses within 10 days of the filing of the affidavit. If plaintiff fails to appear for any future proceedings, this case will be dismissed.

Plaintiff seeks an order striking defendant's Answer or, alternatively, for other sanctions provided by Rule 37.

The Court declines to strike the Answer. Ken Lewis is not a party to this action. While the Amtrack Conductor was named as a John Doe defendant, the Complaint was not amended to substitute the conductor's name. Moreover, the deposition was scheduled via telephone and plaintiff has not demonstrated that expenses were incurred.

### **Conclusion**

For the foregoing reasons, defendant's Motion to Dismiss Plaintiff's Complaint and/or

other Sanctions Pursuant to Federal Rule of Civil Procedure 37(d) is granted to the extent that plaintiff must pay the reasonable expenses incurred by defendant for plaintiff's failure to appear for deposition and plaintiff's Motion to Strike Defendant's Answer and/or for other Sanctions is denied.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/4/05